EXHIBIT A

```
W. Zev Abramson, Esq. #289387
Nissim Levin, Esq. #306376
Elen Martirosyan, Esq. #346398
ABRAMSON LABOR GROUP
1700 W. Burbank Blvd.,
Burbank, California 91506
Tel:   (213) 493-6300
Fax:   (213) 336-3704
wza@abramsonlabor.com
nissim@abramsonlabor.com
elen@abramsonlabor.com
```

Attorneys for Plaintiff,
JEFFREY SKINNER-PERKINS

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/07/2024 2:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Haroutunian, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JEFFREY SKINNER-PERKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FAVORITE HEALTHCARE STAFFING, LLC, a limited liability company; BRIAN GONZALEZ, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 24VECV02127<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>1. Sexual Orientation Discrimination in Violation of FEHA<br>2. Sexual Harassment in Violation of FEHA<br>3. Failure to Prevent and Investigate Discrimination and Harassment in Violation of FEHA<br>4. Retaliation in Violation of FEHA<br>5. Retaliation in Violation of California Labor Code § 1102.5<br>6. Constructive Wrongful Termination in Violation of Public Policy<br><br>**Over $35,000** |

PLAINTIFF complains and alleges as follows:

1. On information and belief, Plaintiff JEFFREY SKINNER-PERKINS ("Plaintiff") is a former employee of Defendants and a resident of the State of California.

2. At all times herein mentioned, upon information and belief, Defendant, FAVORITE HEALTHCARE STAFFING, LLC (hereinafter "FHS") is a limited liability company

authorized to operate and do business under the laws of the State of California at 21850 West Oxnard, Woodland Hills California, 91367 in the County of Los Angeles.

3. Upon information and belief, Plaintiff alleges that Defendant BRIAN GONZALEZ, (hereinafter "Defendant Gonzalez") was an individual living in the State of California at all times relevant to this action, and that Defendant Gonzalez was at all relevant times employed by Defendant FHS as Supervisor/Manager.

4. Venue is proper in this Court pursuant to California Code of Civil Procedure sections 395 and 395.5 because Defendants do business in Los Angeles County, and because the incidents underlying this action took place in Los Angeles County.

5. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

6. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining co-defendants, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her/its agency, employment, or representative capacity, with the consent of her/his/its co-defendants.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. On April 18, 2024, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH").

8. On April 18, 2024, the DFEH issued Plaintiff a "Right to Sue Notice."

**GENERAL ALLEGATIONS**

9. Plaintiff began working for Defendants on or about February 22, 2021, as an On Site Representative.

10. At all relevant times, Plaintiff was Queer.

11. Plaintiff alleges that his supervisor, Defendant Gonzalez, and his coworkers made remarks to him throughout employment about his gender identity and sexual orientation and that Defendant Gonzalez asked his coworkers whether Plaintiff was a "top" or a "bottom."

12. On or about May 12, 2021, Plaintiff reported the sexual harassment to Defendant FHS.

13. That same day, Plaintiff was informed that he had been given a work assignment that was a ten hour drive away from his current assignment.

14. Plaintiff alleges that he was not allowed to travel to his assignment by flight, but other employees were permitted to travel to the assignment by flight.

15. Plaintiff is informed, believes, and thereon alleges that Defendants and/or Defendants' agents failed to investigate or reprimand Defendant Brian in response to his complaint.

16. Plaintiff is informed, believes, and thereon alleges that he was constructively terminated because he was labeled as not eligible for re-hire after his contract with Defendant ended.

17. As a result of the retaliation and constructive wrongful termination, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

18. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from losses of earnings and otherwise in amounts as yet unascertained but subject to proof at trial.

19. Plaintiff has suffered damages in an amount greater than $35,000.

20. Plaintiff hereby demands a jury trial.

### First Cause of Action

**SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF FEHA**

(Against Defendant FHS, and DOES 1 Through 100)

21. Plaintiff re-alleges the information set forth in Paragraphs 1-20 as though fully set forth and alleged herein.

22. At all times relevant to this action, Defendant employed Plaintiff.

23. California Government Code §12940 et seq. states that "It is an unlawful employment practice…[f]or an employer, because of the…sex, gender, gender identity, gender expression… sexual orientation…of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

24. At all times herein mentioned, California's Fair Employment and Housing Act, California Government Code §12940, et seq., was in full force and effect and fully binding upon Defendant. Plaintiff, who was Queer, was a member of a group protected by that statute, in particular section 12940(a), prohibiting discrimination in employment based on gender identity/gender expression/sexual orientation.

25. At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed five or more persons within the meaning of Cal. Gov't Code § 12926(d).

26. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of Cal. Gov't Code §§ 12940(a), 12926(r)(2), 12926(s) because of Plaintiff's gender identity/gender expression/sexual orientation.

27. At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff as previously alleged on the basis of his sex/gender/sexual orientation by constructively terminating him in violation of Cal. Gov't Code § 12940(a).

28. Defendant was substantially motivated to constructively discharge Plaintiff because of his sexual orientation.

29. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently

unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

30. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of the Court's minimal jurisdiction.

31. Plaintiff is informed and believes and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

32. Plaintiff also prays for reasonable costs and attorney fees against the Defendants for the prosecution of this action.

33. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

Second Cause of Action

**SEXUAL HARASSMENT**

(Against All Defendants)

34. Plaintiff re-alleges the information set forth in Paragraphs 1-33 as though fully set forth and alleged herein.

35. This cause of action is based upon California statutes prohibiting sexual harassment in the workplace including, but not limited to California Government Code §12940, et seq.

36. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act ("FEHA") and was issued a Notice of Case Closure/Right-to-Sue Letter from the Department of Fair Employment and Housing ("DFEH"), allowing Plaintiff to sue Defendants.

37. Plaintiff is informed, believes, and thereon alleges that Defendant, and/or its agents did affirmative acts as described in the general allegations herein that constituted sexual harassment, and created a hostile work environment. Defendants knowingly and intentionally engaged in said unwelcome discriminatory and sexually harassing conduct towards Plaintiff.

38. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, medical expenses, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

39. The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and retaliating against Plaintiff for refusing to comply with their willful violations of the above referenced statutes and discriminating against Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against Defendants in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

40. Plaintiff is informed, believes, and thereon alleges that the outrageous conduct of Defendants described above was done with oppression and malice by Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of Defendants. These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof,

1 Plaintiff is entitled to punitive or exemplary damages against Defendants, and each of them, for
2 their acts as described in this cause of action in a sum to be determined at the time of trial.
3   41. Plaintiff also prays for reasonable costs and attorney fees, as allowed by FEHA
4 for Plaintiff's prosecution of this action in reference to the FEHA code violations described in
5 this cause of action.

Third Cause of Action

**FAILURE TO PREVENT AND INVESTIGATE GENDER ORIENTATION DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF FEHA**

(Against Defendant FHS, and DOES 1 Through 100)

  42. Plaintiff re-alleges the information set forth in Paragraphs 1-41 and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

  43. This is an action for damages based on the failure by the Defendant to prevent sexual harassment. This action is brought pursuant to the FEHA i.e., Cal. Gov. Code §§ 12900, 12921, 12926, 12940 and 12965. This cause of action for the failure to prevent sexual harassment is pursuant to Cal. Govt. Code Section 12940(k).

  44. Under the FEHA, it is an unlawful employment practice to fail to take all reasonable steps to prevent employment harassment on the basis of gender identity/gender expression/sexual orientation.

  45. At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was Plaintiff's employer, and a qualified employer under the FEHA and California Code of Regulations acting within the course and scope of that employment. Plaintiff at all times was a covered eligible employee as defined in the sections set forth above.

  46. Specifically, Defendant failed to react properly or adequately to Plaintiff's reports that Defendant Brian made sexually harassing comments.

  47. Defendant refused and failed to discipline, demote, or discharge its employees who it knew to have committed or alleged to have committed sexual harassment. These acts and/or failures to act constitute further breaches of the Defendant's statutory obligation to prevent harassment on the basis of gender identity/gender expression/sexual orientation.

48. As a result of the Defendant's breaches of its statutory obligation to prevent sexual harassment, Plaintiff has suffered harassment in the workplace as described more fully herein above.

49. The acts and/or omissions to act complained of herein were either approved, condoned, or taken by one or more employees of Defendant.

50. Because of the aforesaid breach[es] of duty by Defendant, Plaintiff has suffered, and continues to suffer losses of wages/salary, commissions and other employee compensation in an amount which is currently un-ascertained and will be determined upon proof at the time of trial.

51. Defendant knew, or should have known, that failure to prevent sexual harassment, including but not limited to the retention of individuals known to encourage sexually harassing behavior, would be substantially certain to result in emotional distress by its sexual harassment victim employees. Plaintiff did in fact suffer emotional distress proximately caused by the failure of the Defendant to prevent sexual harassment in its workplace. Plaintiff seeks damages for such mental and emotional suffering as emotional distress damages in an amount to be proven at time of trial.

52. In breaching its statutory duty to prevent sexual harassment, Defendant acted, or failed to act, as herein alleged with a conscious disregard of Plaintiff's right to be free from harassment on the basis of sex. Defendant failed to act, as alleged above, with the reckless disregard of the likelihood that the Plaintiff would suffer harm from being employed in a workplace permeated by sexual harassment. Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

<u>Fourth Cause of Action</u>

**RETALIATION IN VIOLATION OF FEHA**

(Against Defendant FHS, and DOES 1 Through 100)

53. Plaintiff re-alleges the information set forth in Paragraphs 1-52 as though fully set forth and alleged herein.

54. This cause of action is based upon California Government Code section 12940, et seq., which prohibits employers from retaliating against employees who make protected complaints of discrimination and harassment.

55. At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was a qualified employer under the FEHA and California Code of Regulations acting within the course and scope of that employment. Plaintiff at all times was a covered eligible employee as defined in the sections set forth above.

56. Defendants, through its officers, directors, managing agents, or supervisory employees, violated California Government Code section 12940, et seq., by doing the following acts, all because of Plaintiff's complaints of discrimination and harassment, including but not limited to: ignoring Plaintiff's complaints and constructively and wrongfully terminating Plaintiff's employment specifically due to his complaints and his gender identity/gender expression/sexual orientation.

57. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act and received a Notice of Case Closure/Right-to-Sue Letter from the Department of Fair Employment and Housing ("DFEH"), allowing Plaintiff to sue Defendants.

58. As a direct and proximate result of Defendants' willful, knowing, and intentional retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

59. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

60. The grossly reckless, careless, negligent, oppressive, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against Defendants in an amount within the

jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

61. Plaintiff is informed, believes, and thereon, alleges that the punitive conduct of Defendants was ratified by those other individuals who were managing agents of Defendants. These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

<u>Fifth Cause of Action</u>

**RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**

(Against Defendant FHS, and DOES 1 Through 100)

62. Plaintiff re-alleges the information set forth in Paragraphs 1-61 as though fully set forth and alleged herein.

63. California Labor Code Section 1102.5(b) states: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

64. Plaintiff is informed and believes that he made good faith complaints regarding violations of the California Fair Housing and Employment Act, including that he was harassed and discriminated against on the basis of gender identity/gender expression/sexual orientation.

65. Plaintiff alleges that Defendant violated public policies affecting society at large, by violating the laws and statutes, as described in the above paragraphs, and by retaliating against Plaintiff and constructively terminating him for complaining of that which Plaintiff reasonably believed constituted violations of law.

66. Plaintiff believes and thereon alleges that due to Plaintiff's reports in which Defendants' agents were engaged was a motivating and substantial factor in Defendants' retaliation against Plaintiff and wrongful constructive termination of Plaintiff's employment.

67. As a proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

68. As a result of Defendant's retaliation against Plaintiff, Plaintiff has suffered general and special damages in sums according to proof.

69. Defendant's failure to act in response to Plaintiff's complaints, the ongoing retaliation, and constructive wrongful termination of Plaintiff's employment, was done intentionally, in a malicious, fraudulent, oppressive manner, entitling Plaintiff to punitive damages.

70. Plaintiff is informed, believes, and thereon alleges that the outrageous conduct of Defendant, as described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisors and managers and was ratified by those other individuals who were managing agents of Defendant. Furthermore, these unlawful acts were ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. Therefore, Plaintiff is entitled to punitive or exemplary damages from Defendant for its acts as described in this cause of action in a sum to be determined at the time of trial.

71. In addition to other penalties, Defendants are liable for civil penalties of up to $10,000 pursuant to California Labor Code Section 1102.5(f)(1).

72. Plaintiff also prays for reasonable costs and attorney fees against the Defendants for the prosecution of this action pursuant to California Labor Code Section 1102.5(j).

<u>Sixth Cause of Action</u>

**WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against Defendant FHS, and DOES 1 Through 100)**

73. Plaintiff hereby incorporates by reference Paragraphs 1-72 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

74. Plaintiff's employment was wrongfully terminated, in violation of substantial and fundamental public policies of the State of California that inures to the benefit of the public, with respect to retaliation, and adverse employment actions taken against Plaintiff, all in violation of various state statutes including but not limited to violations of California's Labor Code, the California Constitution, the Fair Employment and Housing Act, among others.

75. As a result of their employment relationship, Defendant was obligated to restrain from discharging Plaintiff for reasons which violate or circumvent said policy, law, or the objectives that underlie each and not to compound their illegal conduct by retaliating against Plaintiff.

76. Plaintiff is informed, believes and thereon alleges that Plaintiff was constructively discharged from his employment, in that Defendant marked him as ineligible for rehire after his contract with Defendant ended.

77. Defendants had actual knowledge of the intolerable conditions caused by the acts described herein and failed to take any steps to end those conditions for the purpose of causing Plaintiff's resignation. Furthermore, Defendants knew or should have known that Plaintiff would resign as a result of Defendants' actions.

78. As a direct and proximate result of Defendant's willful, knowing, and intentional actions as discussed herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

79. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus

expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof. The damages herein exceed $35,000.00 and Plaintiff requests a jury trial.

<u>WHEREFORE, Plaintiff prays for the following relief:</u>

1. For compensatory damages which resulted from Defendants' conduct as alleged herein;
2. For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, expenses to obtain new employment, loss of job security and all damages flowing therefrom;
3. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;
4. For all penalties under all relevant statutes;
5. For all costs and disbursements incurred in this suit;
6. For all interest as allowed by law;
7. For attorney's fees and costs; and
8. For such other and further relief as the Court deems just and proper.

DATED: May 7, 2024                                ABRAMSON LABOR GROUP

By: *Elen Martirosyan*
W. Zev Abramson, Esq.
Nissim Levin, Esq.
Elen Martirosyan, Esq.
Attorneys for Plaintiff,